IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLUMBIA PICTURES FILM
PRODUCTION ASIA LIMITED,
a Hong Kong corporation,

       Plaintiff,

  v.

ROEUN UTH,

       Defendant.
_____/

NO.  CIV.S-06-1054 FCD DAD

<u>FINDINGS AND RECOMMENDATIONS</u>

This matter came before the court on December 8, 2006, for hearing on plaintiff's motion for entry of default judgment against defendant Roeun Uth.  Karen Thorland appeared on behalf of plaintiff. There was no appearance on behalf of defendant.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the reasons set forth below the undersigned recommends that plaintiff's motion be granted.

/////

/////

1

**PROCEDURAL BACKGROUND**

Plaintiff Columbia Pictures Film Production Asia Limited initiated this action for damages and injunctive relief by filing its complaint on May 12, 2006.  The complaint alleges copyright infringement in violation of the Copyright Act.  Despite being served with process, defendant Roeun Uth failed to appear.  The Clerk of the Court has entered default against defendant Uth pursuant to plaintiff's request.  On October 25, 2006, plaintiff filed the instant motion, noticing it to be heard before the undersigned, as provided by Local Rule 72-302(c)(19).  Despite being served with all moving papers, defendant has not responded to the motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  It is improper for the court to consider liability issues without first providing notice to plaintiff that the merits will be addressed. Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  See

1  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,
2  however, require "proving up" at an evidentiary hearing or through
3  other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame,
4  6 F.3d 307, 310 (5th Cir. 1993).
5        Granting or denying default judgment is within the court's
6  sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th
7  Cir. 1986) (citations omitted), and the court is free to consider a
8  variety of factors in exercising that discretion, see Eitel v.
9  McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may
10 consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

16 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-
17 05[2], at 55-24 to 55-26).

## ANALYSIS

19       The complaint in this action alleges one count for the
20 infringement of copyrights in violation of the Copyright Act, 17
21 U.S.C. 101, et seq.  In sum, the detailed allegations of the
22 complaint allege that defendant has copied and distributed to others
23 over the Internet unauthorized copies of plaintiff's copyrighted
24 motion picture, *Kung Fu Hustle*.  Plaintiff is a Hong Kong corporation
25 in the business of the production, acquisition and distribution of
26 motion pictures for theatrical exhibition, home entertainment and

3

other forms of distribution. Plaintiff is the owner of the copyright and pertinent exclusive rights under copyright in the United States for *Kung Fu Hustle*, which the complaint alleges was unlawfully and willfully distributed over the Internet by defendant. As authorized by 17 U.S.C. § 504(c)(1), plaintiff's motion seeks an award of $6,000 against defendant. Plaintiff also seeks permanent injunctive relief as well as recovery of reasonable attorney fees and costs.

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendant is appropriate. Defendant has made no showing that his failure to respond to the complaint was due to excusable neglect. The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the recovery of lost profits or actual damages. There is no reason to doubt the merits of plaintiff's substantive claim, nor is there any apparent possibility of a dispute concerning the material facts underlying the action. As these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted.

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment. As indicated above, plaintiff seeks an award of $6,000 against defendant. Such an award is permitted by 17 U.S.C. § 504(c)(1), which provides for the election of statutory damages in a copyright infringement case "in a sum of not less than $750 or more than

$30,000 as the court considers just." Thus, § 504(c)(1) affords plaintiffs the right to pursue statutory damages without proving actual damages. In determining an appropriate award under the Copyright Act, courts consider factors such as:

> (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 125 (S.D. N.Y. 2003)(citing Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F. 2d 1110, 1117 (2d Cir. 1986)). See also Microsoft Corp. v. PC Exp., 183 F. Supp. 2d 448, 454 (D. P.R. 2001)(listing the same factors).

Looking to the relevant factors, no evidence submitted in connection with the instant motion details the expenses saved and profits reaped by defendant or the revenues lost by plaintiff as a result of the infringement. However, evidence submitted by plaintiff suggests that in general Internet piracy costs members of the Motion Picture Association of America millions, and perhaps billions, of dollars per year. Moreover, the undersigned recognizes that such calculations would in any event be difficult due to the nature of the Internet and the fact that defendant Uth offered the motion picture in question for downloading to potentially thousands of others. With respect to the other factors, the undersigned finds that an award of $6,000 will likely serve to deter defendant as well as others. While

the court has discretion to award up to $30,000, the record suggests that the defendant against whom default judgment is now sought is an individual, not any type of business or corporation.  An award of $6,000 is at least commensurate with the value of plaintiff's copyright.  As outlined in plaintiff's motion, defendant Uth has failed to cooperate with plaintiff in its efforts to litigate this matter, including attempts at settlement.  For these reasons, the undersigned finds the requested award of $6,000 is just.[1]

Plaintiff also is entitled to the requested permanent injunctive relief.  Title 17 U.S.C. § 502(a) provides, in relevant part, that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  Injunctive relief is warranted in this case.  As demonstrated by plaintiff courts around the country have approved similar requests.  Accordingly, the undersigned will recommend that defendant be enjoined from directly or indirectly infringing plaintiff's rights under federal or state law in the following copyrighted motion picture:

> *Kung Fu Hustle*; and any other motion picture, whether now in existence or later created, that is owned or controlled by plaintiff (or any parent, subsidiary, or affiliate of plaintiff)("Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of

---

[1] An award of $6,000 is also reasonable in light of the amount of damages awarded in other similar cases.  (See Mem. of Law in Supp. of App. for Entry of Default J. by the Court at 4 n.1 & Ex. 1.)

6

>           Plaintiff's Motion Pictures available for
>           distribution to the public, except pursuant to a
>           lawful license or with the express authority of
>           plaintiff.

The undersigned also will recommend that defendant be directed to:

>           destroy all copies of Plaintiff's Motion Pictures
>           that defendant has downloaded onto any computer
>           hard drive or server without plaintiff's
>           authorization and shall destroy all copies of
>           those downloaded recordings transferred onto any
>           physical medium or device in defendant's
>           possession, custody, or control.

Plaintiff seeks to recover reasonable attorney fees and costs incurred as a result of litigating this action against defendant. See 17 U.S.C. § 505. Counsel for plaintiff has submitted declarations detailing the $2,800.42 sought for attorney fees and costs. The undersigned finds the rates customary and hours expended reasonable for litigating an action of this nature.

Moreover, an award of attorney fees is warranted in this case. The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts regularly award attorney fees and costs in copyright cases, especially where, as here, there is a willful violation by a defendant who has ignored plaintiff's attempts to resolve this matter and failed to participate in proceedings. See Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 2003). An award of fees and costs also will

serve to deter future infringements.  Accordingly, the undersigned will recommended that plaintiff be awarded the requested attorney fees and costs of $2,800.42 as to defendant Uth.

**CONCLUSION**

Accordingly, the court HEREBY RECOMMENDS that:

1.  Plaintiff's motion for entry of default judgment be granted; and

2. The district judge assigned to this case sign the [Proposed] Default Judgment and Permanent Injunction filed on October 30, 2006 (Doc. no. 22).

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.civil/columbiapictures1054.default

8